IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:01CV256 |
| | ) | (Financial Litigation Unit) |
| INGRID J. WINTERKAMP, | ) | |
| aka/INGRID W. SHUTE, | ) | |
| Defendant(s), | ) | |
| and | ) | |
| | ) | |
| BANK OF AMERICA, NA | ) | |
| C/O JON JAY ASSOCIATES INC, | ) | |
| Garnishee. | ) | |

**WRIT OF CONTINUING GARNISHMENT**

GREETINGS TO:   Bank of America, NA
c/o Jon Jay Associates Inc
1 Corporation Way,
Peabody, MA 01960-7925
Attn: Payroll Department

An Application for a Writ of Garnishment against property of Ingrid J. Winterkamp, aka/Ingrid W. Shute the defendant/debtor, has been filed with this Court. A judgment has been entered against the defendant/debtor. The current total amount of $3,219.75, which includes the principal amount of $3,206.11, and interest at the rate of 1.67% and in the amount of $13.64 computed through November 13, 2006 is due and owing.

You, as Garnishee, are required by law to answer in writing, under oath, within ten (10) days of service of this Writ, whether or not you have in your custody, control or possession, any property, or funds owned by the debtor, including non-exempt, disposable earnings.

You **must withhold and retain** any property in which the defendant/debtor has a substantial non-exempt interest and for which you are or may become indebted to the defendant/debtor pending

further order of the court. This means that you should withhold 25% of the defendant/debtor's earnings which remain after all deductions required by law have been withheld and 100% of all 1099 payments. See 15 U.S.C. §1673(a).

Please state whether or not you anticipate paying the debtor any future payments and whether such payments are weekly, bi-weekly, monthly, annually or bi-annually.

You must file the original written Answer to this Writ within ten (10) days of your receipt of this Writ with the following office:

> Clerk of the United States District Court
> 401 West Trade Street
> Charlotte, NC 28202

Additionally, you are required by law to serve a copy of the Answer upon the Defendant/debtor at his/her last known address:

> Ingrid J. Winterkamp
> aka/Ingrid W. Shute
> 13436 Norseman Lane
> Huntersville, NC 28078

You are also required to serve a copy of the Answer upon the Plaintiff at the following address:

> Jennifer A. Youngs, Assistant United States Attorney
> United States Attorney's Office
> Financial Litigation Unit
> 227 West Trade Street, Suite 1650
> Charlotte, NC 28202

Under the law, there is property which may be exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order may be listed on the attached Claim for Exemption form.

Pursuant to 15 U.S.C. §1674, you, the Garnishee, are prohibited from discharging the

defendant/debtor from employment by reason of the fact that his earnings have been subject to garnishment for any one indebtedness.

Pursuant to 28 U.S.C. §3205(c)(6), if you fail to answer this writ or withhold property or funds in accordance with this writ, the United States of America may petition the court for an order requiring you to appear before the court to answer the Writ and to withhold property before the appearance date. If you fail to appear, or do appear and fail to show good cause why you failed to comply with this Writ, the court shall enter a judgment against you for the value of the defendant/debtor's non-exempt interest in such property. The court may award a reasonable attorney's fee to the United States and against you if the Writ is not answered within the time specified. It is unlawful to pay or deliver to the defendant/debtor any item attached by this Writ.

Signed: November 14, 2006

Graham C. Mullen
United States District Judge

# CIVIL CLAIM FOR EXEMPTION FORM

You can claim Federal exemptions by checking items (a) through (l), pursuant to 11 U.S.C. §522(d) <u>or</u> you can claim exemptions under North Carolina State Law by using the attached NC State Form AOC_CV-407 Motion to Claim Exempt Property.

___  Federal Exemptions.

    XX.    The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

- ❏ 1. The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

- ❏ 2. The debtor's interest, not to exceed $2,950 in value, in one motor vehicle.

- ❏ 3. The debtor's interest, not to exceed $475 in value in any particular item or $9,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

- ❏ 4. The debtor's aggregate interest, not to exceed $1,225 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

- ❏ 5. The debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.

- ❏ 6. The debtor's aggregate interest, not to exceed $1,850 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

- ❏ 7. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

- ❏ 8. The debtor's aggregate interest, not to exceed in value $9,850 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

- ❏ 9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

- [ ] 10. The debtor's right to receive ---

    (A) a social security benefit, unemployment compensation, or a local public assistance benefit;
    (B) a veterans' benefit;
    (C) a disability, illness, or unemployment benefit;
    (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
    (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----
    (I) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
    (ii) such payment is on account of age or length of service; and
    (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

- [ ] (11) The debtor's right to receive, or property that is traceable to ---
    (A) an award under a crime victim's reparation law;
    (B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
    (C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
    (D) a payment, not to exceed $18,450, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or
    (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

- [ ] (12) Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.